IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARLENE COOK,

        Plaintiff,                               No. CIV S-12-0019 KJM-CKD

    vs.

THE HARTFORD and GROUP LONG
TERM DISABILITY PLAN FOR
EMPLOYEES OF VANDERBILT
UNIVERSITY,

        Defendants.                        <u>ORDER</u>
_____/

        This matter comes before the court upon defendants' motion to transfer venue. (ECF 10.) Plaintiff opposes. (ECF 14.) For the reasons set forth below, the court GRANTS defendants' motion.

I.     <u>BACKGROUND</u>

        On January 4, 2012, plaintiff Arlene Cook filed this ERISA action against The Hartford and Group Long Term Disability Plan for Employees of Vanderbilt University (the "Plan") (together with the Hartford, "defendants"). (ECF 1.) Plaintiff avers that defendant Hartford has its principal place of business in California. (Complaint ¶ 4, ECF 1.) Hartford contests this characterization in its answer and instead claims that it is incorporated and has its principal place of business in Connecticut. (Answer ¶¶ 2, 4, ECF 7.) The Plan has its principal

1

place of business in Tennessee and plaintiff resides in Tennessee. (Complaint ¶¶ 3, 6.) Plaintiff alleges that she worked at Vanderbilt University as an administrative assistant until February 2, 2009, when she became permanently disabled due to rheumatoid arthritis. (Complaint ¶ 7.) On or about October 18, 2011, defendants denied plaintiff's long-term disability benefits. (Complaint ¶ 9.) This action seeks to regain those withheld disability benefits.

II.   ANALYSIS

Defendants do not contest venue as proper in this district, but rather, they move to transfer venue under 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." "[T]he purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. To this end it empowers a district court to transfer any civil action." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks, alteration and footnote omitted).

A party seeking transfer must prove "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice." *Guy v. Hartford Life Group Ins. Co.*, No. C 11–3453 SI, 2011 WL 5525965, at *1 (N.D.Cal. Nov. 14, 2011). Here, plaintiff does not dispute that venue would be proper in the Middle District of Tennessee or that the action could have been brought there. (*See* Opp'n at 4-7, ECF 14.)  The only issue, then, is whether transfer would be more convenient and serve the interests of justice.

District courts have wide discretion to determine on an individualized basis whether to transfer an action. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). In applying an individualized analysis, "the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the

governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id*. at 498-99. A court may also consider the relative docket congestion and time to trial between the transferee and transferor districts. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

Plaintiff argues that this district is not inconvenient and therefore the case should remain here in deference to her choice of forum. (*See* Opp'n at 4-7.) However, deference to a plaintiff's choice of venue is "substantially reduced" when the plaintiff does not reside within that district. *Williams*, 157 F. Supp. 2d at 1106.

Defendants argue that the Plan, the plaintiff and the treating physicians are all found in the Middle District of Tennessee and therefore that would be a more convenient location. Defendants have provided evidentiary submissions to that effect. (*See generally* ECF 12.) Moreover, local courts would have a stronger interest in the outcome given the significant contacts to that District. In addition, as defendants note and this court regrettably must confirm, the case congestion is greater in this district and there is a significantly speedier resolution of cases in the Middle District of Tennessee, as reported by the Administrative Office of the United States Courts. (ECF 12-4 at 19-23.)

The court finds that the interests of justice and the convenience of the parties are served by transfer to the Middle District of Tennessee. Here, plaintiff, a Tennessee resident, is suing over an ERISA plan covering other Tennessee residents and maintained by a Tennessee employer. The only connection to this forum is the tenuous location of a claims office here that, according to defendants, had no involvement in plaintiff's claim. Even assuming, as plaintiff contends, that this case is tried exclusively on the administrative record and thereby requires no further discovery, or travel from treating physicians in Tennessee or other involved parties, the

court finds transfer to a District with an interest in the litigation serves the interests of justice and will further conformity for resolution of ERISA claims under the Plan. *See Guy*, 2011 WL 5525965, at *2-3; *cf. Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 148 (2001).  Finally, the relatively speedier resolution available in the Middle District of Tennessee militates in favor of transfer.

This action is hereby transferred to the United States District Court for the Middle District of Tennessee.

IT IS SO ORDERED.

DATED:  July 16, 2012.

_____
UNITED STATES DISTRICT JUDGE