UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARLENE COOK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:12-CV-00749 |
| ) | JUDGE CAMPBELL/BROWN |
| THE HARTFORD AND GROUP LONG ) | |
| TERM DISABILITY PLAN FOR ) | |
| EMPLOYEES OF VANDERBILT ) | |
| UNIVERSITY, ) | |
| ) | |
| Defendants ) | |

## CASE MANAGEMENT ORDER

Now come Plaintiff Arlene Cook ("Plaintiff") and Defendants Hartford Life and Accident Insurance Company ("Hartford"), incorrectly named in Plaintiff's Complaint as The Hartford, and Group Long Term Disability Plan for Employees of Vanderbilt University ("Vanderbilt LTD Plan" or collectively "Defendants") and file this joint amended report of the parties' meeting, pursuant to Fed. R. Civ. P. 26.

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on September 7, 2012 and September 25, 2012, via telephone conference, and was attended by Gregory Paul for Plaintiff and Grace R. Murphy for Defendants. Local counsel Kara Hunter for Plaintiff and Marshall Cook for Defendants attended an Initial Case Management Conference on Monday, September 10, 2012. Gregory Paul and Grace R. Murphy participated in a telephone Initial Case Management Conference with Judge Brown on September 26, 2012.

2. Jurisdiction is not disputed. The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).

3. Initial Disclosures. The parties agree that the service of the ERISA administrative record on the other parties will satisfy the requirements of service of initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure.

4. Discovery Plan. The Parties jointly propose to the court the following discovery plan:

   A. No party has served discovery at this time.

   B. Any discovery taken will be limited by the fact that this is an ERISA action, and as such the Court's review is limited to a review of the administrative record before the claim decision-maker at the time the decision to deny benefits was made. Defendants contend that no discovery is needed. Plaintiff acknowledges that the record is closed with respect to additional evidence of disability. However, Sixth Circuit precedent leaves open the possibility of discovery and the court's consideration of evidence of bias or violation of due process on the part of the decision-maker. Moreover, Plaintiff points out that there is always the possibility that the parties will disagree as to what constitutes the ERISA administrative record. To address these concerns, the Parties propose the following schedule with respect to discovery.

   C. Defendants shall file the Administrative Record with the Court and serve a copy of same on Plaintiff no later than **October 30, 2012**. Should Plaintiff have any objection to the content of the filed Administrative Record, such objection shall be filed on or before **November 30, 2012**.

   D. Should Plaintiff seek to take any limited discovery as may be allowed in an ERISA action, that discovery will be completed by **January 31, 2013**. The Parties will endeavor to resolve any discovery disputes between themselves. Should the Parties be unable to agree as to any requested discovery, the parties will schedule and participate in a conference call with the Magistrate assigned to this case regarding the matter.

   E. Nothing it this discovery plan will be seen as a concession from the Defendants that discovery is allowable in an ERISA benefits claim.

5. Other Items.

   A. Plaintiff may amend the pleadings to clarify her relief for damages.

   B. Defendants may amend the pleadings to seek relief for any overpayments.

   C. This is a claim for ERISA benefits, and will thus ultimately be decided on the Parties' respective motions for judgment, pursuant to *Wilkins v. Baptist Healthcare*, 150 F.3d 609 (6th

Cir. 1998). All motions for *Wilkins* motions for judgment should be filed by **March 2, 2013**, or if any motions concerning discovery remain pending with the Court on that date, within **30 days** after resolution of discovery motions and the close of discovery. Reponses to motions for judgment are due within **21 days** of said motions being filed. Optional replies, limited to **five pages**, shall be filed within **seven days** after service of the response.

    D. Briefs shall not exceed **25 pages** without leave of Court.

    E. Final lists of witnesses and exhibits under Rule 26(a)(3) are not necessary in a claim for ERISA benefits, as the case will be decided on cross-motions for judgment.

    F. There has been no discussion of settlement at this time.

    G. This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this Order will not be modified or extended.

    **IT IS SO ORDERED.**

/S/ Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE